IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.  Case No. 2:23cr76

ALI SCOTT

### DEFENDANT ALI SCOTT'S POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW the defendant, Ali Scott, and as and for his Sentencing Pleading, respectfully states the following:

### OBJECTIONS

The defendant does not have any objections to the Presentence Investigation Report.

### SECTION 3553 (a) FACTORS

18 U.S.C. Section 3553 (a) directs that, "The court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of that subsection.  The defendant respectfully submits that, under all of the facts and circumstances of this case, a downward variant sentence of 48 months (4 years) is sufficient but not greater than necessary.

### Nature and Circumstances of the Offense

The defendant has pleaded guilty to Counts One and Two of the Criminal Information, to-wit, Possession with Intent to Distribute a Controlled Substance (Count One) and Convicted Felon in Possession of a Firearm (Count Two).

The defendant has fully accepted responsibility and "agreed that the Statement of Facts is true and accurate." (PSI at Paragraph 20).   In an interview with the Probation Officer, the defendant expressed remorse and apologized for his actions, stating, "… it won't happen again.  I want to do right, and I am more upset with myself and that I let my family

1

and kids down." (*Id*).

In addition, "There are no aggravating… adjustments for the defendant's role in the offense" (PSI at Paragraph 18).

Moreover, there is "no information indicating the defendant impeded or obstructed justice." (PSI at Paragraph 19).

Accordingly, based on all of the foregoing, the defendant respectfully submits that the nature and circumstances of the offense support the conclusion that a downward variant sentence of 48 months is sufficient but not greater than necessary under the circumstances.

### History and Characteristics of the Defendant

The defendant is presently 32 years old and comes from a very good and supportive family.

He was born in Philadelphia to loving parents. Hs father now lives in Hampton and works for Smithfield Packing, while his mother still lives in Philadelphia and works as a childcare provider. While never married, the defendant's parents have always worked well together co-parenting their child, with the defendant reporting a "great relationship" with both parents. (PSI at Paragraph 52).

Not surprisingly, given such a productive family situation, the defendant's three siblings (a brother in Chesapeake, a sister in Philadelphia, and a paternal half-brother in Portsmouth) are all gainfully employed. (PSI at Paragraph 53).

After living with his mother in Philadelphia until he was 12, the defendant moved to Virginia with his father "for a better opportunity… and participation in sports." (PSI at Paragraph 54). The defendant described himself as a "'sports head'" and played basketball and football while he was growing up. (PSI at Paragraph 55).

Again, the defendant's apparent good sportsmanship reflects the right values transmitted to him by his parents,

Consistent with this strong family unit, the defendant reported that both parents were active in his upbringing, took good care of him, there was no abuse, and all his basic needs were met. He further indicated that "religion played a role in his upbringing." (PSI at Paragraph 54).

Accordingly, it is no surprise that the defendant himself admits that it was his, and not his family's, fault, for his poor choices that bring him to the Court. Indeed, the defendant took responsibility for own life choices, and stated that "no one forced him" into criminal activity. (*Id*). The defendant's father further corroborated the defendant's recognition of responsibility, advising that that the defendant is "not a bad person" but "made bad decisions." (PSI at Paragraph 55).

That the defendant fully recognizes that he has only himself to blame for his currently legal plight and acknowledges same, reflects strong and mature insight, boding well for future productivity and compliance with the law.

Although never married, the defendant has an 8-year-old son, who lives in Newport News with his mother, and a 6-year-old daughter, who lives in Portsmouth with her mother. The defendant reported having a "great relationship" with both children. (PSI at Paragraphs 57-58).

Again, given the excellent example set by the defendant's parent's in his own upbringing, it is not surprising that the defendant is as equally responsible with his own children. Indeed, the defendant described his son as "his world," and the boy's mother indicated that the defendant "is a loving parent." (PSI at Paragraph 57).

The defendant referred to his daughter as "his princess," and the girl's mother

3

reported that the defendant "is one of her best friends." (PSI at Paragraph 58).

The defendant suffers from several extremely debilitating health conditions that should be given considerable weight in determining the sentence as well. More specifically, as discussed below, the defendant suffers from serious vision problems, and also, due to an accident, has permanent problems with ambulation.

The defendant indicated that around 2014-2015 he was diagnosed with glaucoma, is "legally blind in his right eye," and has a prescription for Diamox to treat it. (PSI at Paragraph 61). His mother stated he is "slightly blind" in the left eye, too, and experienced increased vision loss in that eye. (PSI at Paragraph 63).

In addition, the defendant reported being hospitalized for 6 months at Sentara Norfolk General Hospital following a serious dirt bike accident in August of 2018, which resulted in a broken tibia and fibula in his right leg, multiple surgeries, "unknown number of screws" in his legs, and a resulting permanent limp. The defendant also reported having to wear a boot or special shoes due to 1 ½ to 2 inches being removed from his right leg. (PSI at Paragraph 62).

On the other hand, the defendant has no history of mental health treatment (PSI at Paragraph 64), suggesting that the defendant's cognitive abilities are normal, and consistent with the ability both to learn from his past mistakes and to comply with the law and supervised release in the future.

It would also appear that the defendant's judgment and decision-making in this case have been impacted by his habitual abuse of marijuana, which he advised that he started smoking at age 20 and smoked daily until November of 2022. (PSI at Paragraph 65). Accordingly, the defendant respectfully submits that an RDAP recommendation by the Court in the Sentencing Order would be appropriate and helpful.

The defendant's expressed respect and motivation for completing his education are similarly positive and hopeful signs of a reformed individual.

The defendant obtained his high school diploma from Churchland High School in 2010. He reported attending both Norfolk State University and North Dakota State College of Science on football scholarships, and later enrolled in Tidewater Community College in Norfolk.  The defendant expressed an interest in pursuing a sociology degree and becoming a guidance counselor or getting a degree in business management.  (PSI at Paragraphs 67-71).

Although the defendant is hardly lazy and has in good faith attempted to work as reported in the PSI at pp. 73-76, he is currently unemployed, no doubt due to his vision and orthopedic deficits, and currently receives disability income. (PSI at Paragraph 72).

Earlier laudable attempts at employment from 2006-2011 were stopped only because he chose, quite commendably, to focus on school.

In conclusion, the defendant presents as a loving and devoted father who takes full responsibility for his own actions and blames no one but himself.  While, unfortunately, the defendant is currently on disability, his interest in pursuing a degree in sociology or business management shows that the defendant is determined to be a law-abiding and productive member of society.  The defendant's past work history and pursuit of higher education is a testament to his ability to stay on the right path.

The defendant further expresses true remorse for his actions, has apologized for them, and he is especially devastated by how his actions have hurt and disappointed his family, whom he feels he let down. Having that realization provides the defendant with additional motivation to turn his life around, especially given his dedication to his children and his close relationships with all of his family members, including his children's mothers.

Accordingly, for all of the foregoing reasons, the defendant respectfully submits that a variant sentence of 48 months is fully supported by the defendant's history and characteristics, and is sufficient but not greater than necessary.

### Reflecting the Seriousness of the Offense; Promoting Respect for the Law; and Need for Just Punishment.

For the same reasons expressed above, the defendant respectfully submits that a downward variant sentence of 48 months is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment. Under the totality of the circumstances of the offense and the defendant's history and characteristics, a 4-year prison sentence is sufficient but not greater than necessary.

### Deterrence

Finally, the defendant respectfully submits that a four-year prison sentence is sufficient but not greater than necessary to assure both general and specific deterrence.

As to general deterrence, the public certainly would consider a 4-year sentence for a young man with two children and significant physical disabilities to be a sentence of impact that would send a message to others.

Moreover, as to specific deterrence, the defendant has already demonstrated through his presentencing conduct that he is a changed man and has learned the necessary lessons to avoid future criminal conduct. More specifically, the defendant was originally charged with the same offense conduct in the Portsmouth General District Court with an arrest date of November 10, 2022, just slightly over a year ago. After spending approximately 2 months in jail, he was admitted to bail by the Portsmouth General District Court on January 6, 2023, and remained fully compliant with his bail conditions until his

arrest on the day of his preliminary hearing in the Portsmouth General District Court on April 21, 2023, when he was transferred to federal custody for the federally adopted charges, shortly after which he was again released on bond in this Court. Other than an unfortunate but understandable brief relapse of his marijuana dependency reflected by positive urinalysis for marijuana, the defendant has otherwise been fully compliant and cooperative with his federal conditions of release and this Court. Indeed, instead of having his release revoked, the defendant was referred for more intense outpatient drug counseling, which he has taken quite seriously.

Therefore, in light of the above as well, the defendant respectfully submits that he has been in the process of rehabilitating himself for the last nearly 11 months while on state bond/federal release, thereby further demonstrating that a four-year prison sentence is sufficient for specific deterrence.

## CONCLUSION

For the foregoing reasons, the defendant respectfully submits that the Court should impose a downward variant sentence of 48 months as being sufficient but not greater than necessary.

```
                           ALI SCOTT
                           By:_____/s/_____
                                Andrew M. Sacks, Esquire
```

Andrew M. Sacks, Esquire, VSB#: 20082
Attorney for defendant Ali Scott
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: sacks@lawfirmofsacksandsacks.com

## CERTIFICATE OF SERVICE

   I hereby certify that on this 17th day of November, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

  Kevin M. Comstock, Esquire
  Assistant United States Attorney
  United States Attorney's Office
  8000 World Trade Center
  101 West Main Street
  Norfolk, VA 23510
  Phone: (757) 441-6331
  Facsimile: (757) 441-6689
  E-mail: Email: Kevin.Comstock@usdoj.gov

                /s/
               Andrew M. Sacks, Esquire

   I hereby further certify that on this 17th day of November, 2023, a copy of the foregoing was e-mailed to U.S. Probation Officer Latriston L. Cox.

                /s/
               Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Attorney for defendant Ali Scott
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 505
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\IC\SCOTT Ali\FEDERAL\PositionSentFactors11 16 2023.docx